| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | |

**HILL HOLLIDAY CONNORS COSMOPULOS, Inc., d/b/a ERWIN-PENLAND**

2008 SEP 12  **CIVIL ACTION COVERSHEET**

Plaintiff(s)

____ - CP - ____ - ____

vs.

**JEFFREY GREENFIELD & 1ST APPROACH, LLC,**

2008-CP-23-6954

Defendant(s)

(Please Print)
Submitted By: Bernie W. Ellis, Esq.
Address: Post Office Box 447, Greenville, SC 29602

SC Bar #: 64841
Telephone #: 864/271-4940
Fax #: 864/271-4015
Other:
E-mail: bellis@mcnair.net

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** *(Check one box below)*
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

**NATURE OF ACTION** *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Construction (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other Malpractice (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☒ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| Declaratory Judgment | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Driver License Reinstate (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| Special/Complex /Other | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Other (699) | | |

SCCA / 234 (5/04)                                                                          Page 1 of 3

**Submitting Party Signature:** _____    **Date:** 9/12/08

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## *FOR MANDATED ADR COUNTIES ONLY

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

** Florence, Horry, Lexington, Richland, Greenville, and Anderson

** Florence, Horry, Lexington, Richland, Greenville, and Anderson

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS<br>THIRTEENTH JUDICIAL CIRCUIT<br>CASE NO. 2008-CP-23-6954 |
| HILL HOLLIDAY CONNORS COSMOPULOS, Inc., d/b/a ERWIN-PENLAND,<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY GREENFIELD & 1ST APPROACH, LLC,<br><br>      Defendants. | **SUMMONS**<br>(Jury Trial Demanded) |

TO THE DEFENDANT(S) NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 101 North Main Street, Suite 900, Greenville, South Carolina 29601 (or if by mail to Post Office Box 447, Greenville, SC 29602), within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded therein, and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                                           _/s/ Bernie W. Ellis_<br>
                                                                           Bernie W. Ellis S.C. Bar #64841<br>
                                                                           Rita M. McKinney, S.C. Bar #3861<br>
                                                                           McNAIR LAW FIRM, P.A.<br>
                                                                           Post Office Box 447<br>
                                                                           Greenville, SC 29602<br>
                                                                           Tel (864) 271-4940<br>
Greenville, South Carolina                          Fax (864) 271-4015<br>
September 12, 2008                                       Attorneys for Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE     2008 SEP 12<br><br>HILL HOLLIDAY CONNORS COSMOPULOS, Inc., d/b/a ERWIN-PENLAND,<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY GREENFIELD & 1ST APPROACH, LLC,<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS THIRTEENTH JUDICIAL CIRCUIT<br>CASE NO. 2008-CP-23-6954<br><br><br><br><br>COMPLAINT |

Comes now Hill Holliday Connors Cosmopulos, Inc., d/b/a Erwin-Penland ("Erwin-Penland"), Plaintiff in the above-styled action, seeking declaratory and other relief, and would show unto this Court the following:

### INTRODUCTION

1.  Plaintiff HILL HOLLIDAY CONNORS COSMOPULOS, Inc., d/b/a ERWIN-PENLAND ("Erwin-Penland") is a Greenville-based advertising and marketing agency that develops, creates, and executes marketing and advertising programs on behalf of its clients throughout the country.

2.  Upon information and belief, defendant Jeffrey Greenfield is an individual residing in California with a principal place of business located in Portsmouth, New Hampshire.

3.  Upon information and belief, defendant 1st Approach, LLC ("1st Approach"), is a New Hampshire-based entity affiliated with or owned by Mr. Greenfield. Collectively, Mr. Greenfield and 1st Approach shall be referred to as "Defendants."

LIBA/1930451.3

4.      Erwin-Penland alleges upon information and belief that Defendants do business or have done business in South Carolina, and in the County of Greenville, at all times relevant hereto. Specifically, the conflict or controversy at issue took place in South Carolina, and has impacted individuals and companies located in South Carolina.

5.      There is an actual controversy requiring declaratory relief. Without contractual or legal rights, Defendants have demanded that Erwin-Penland share its profits and intellectual property rights to a marketing program, titled "How Sweet the Sound," that Erwin-Penland is currently undertaking on behalf of a current client. Defendants have also demanded ownership rights, credit, and attribution over work in which they have no legitimate interest.

6.      Defendants have no right to claim credit for Erwin-Penland's work and no legal basis for the remedy they seek. Nonetheless, Defendants have threatened legal action against Erwin-Penland should their demands not be met.

7.      An actual controversy exists which requires judicial relief to resolve.

8.      Erwin-Penland therefore seeks a declaratory judgment that Defendants have no contractual, trademark, copyright, or other rights in Erwin-Penland's current work product done on behalf of its current client, or any other client, and that Erwin-Penland is not obligated to pay Defendants any monetary or other damages.

## PARTIES

9.  Erwin-Penland is a South Carolina-based company with its principal place of business located at 125 E. Broad Street, Greenville, South Carolina.

10. Upon information and belief, Mr. Greenfield is an individual residing in Los Angeles, California, with a principal place of business located at 155 Fleet Street, Portsmouth, New Hampshire.

11. Upon information and belief, 1st Approach is a limited liability company with its principal place of business located at 155 Fleet Street, Portsmouth, New Hampshire.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction is proper S.C. Code Ann. § 15-53-10, *et seq.*

13. Personal jurisdiction is proper pursuant to S.C. Code Ann. § 36-2-803.

14. Venue is proper in this county pursuant to S.C. Code Ann. § 15-7-30.

## FACTUAL ALLEGATIONS

15. Founded in 1986, Erwin-Penland provides marketing and advertising services to a wide-range of clients located throughout the United States. On behalf of its clients, Erwin-Penland provides the full spectrum of advertising and marketing services, including all forms of media advertising. Erwin-Penland is headquartered in Greenville, South Carolina.

16. In 2005, Erwin-Penland won the opportunity to pitch a new client, a restaurant chain, which was seeking a new agency of record.

17. Based on its knowledge and expertise, Erwin-Penland decided to pitch a proposal aimed at the Southern, faith-based population, a demographic which was particularly important to the prospective client.

18. In conjunction with this pitch, Erwin-Penland asked Mr. Greenfield to participate in a telephone discussion to develop possible ideas to pitch the prospective client.

3

LIBA/1930451.3

19. Prior to his participation in this call, there was no agreement or other understanding between Erwin-Penland and Mr. Greenfield, nor did Mr. Greenfield ask for one.

20. Mr. Greenfield neither sought nor received compensation for his time.

21. During this telephone call, the idea for a branded reality television series involving church choirs was discussed. Collectively, this television series was dubbed "Amazing Grace."

22. Later, and independently, Erwin-Penland's Executive Vice President Allen Bosworth came up with the name "How Sweet the Sound" for the proposal.

23. Eventually, Erwin-Penland presented the idea for a branded reality television series to its prospective client. The idea, as presented, was to film a television series involving a multi-city church choir competition with national voting and a "season finale" crowning an ultimate winner, similar to the American Idol television program.

24. Mr. Greenfield did not participate in this presentation, but contributed limited ideas and information regarding television filming and production aspects of this proposal.

25. Erwin-Penland did not succeed in winning the account.

26. In sum, Erwin-Penland came up with the target market, name, and basic idea for "How Sweet the Sound," and pitched that concept to its prospective client. Mr. Greenfield participated in discussions with Erwin-Penland, and contributed limited ideas and information on how to turn this concept into a branded reality television series, solely with hope that he would have the opportunity to work on this television series in the future if accepted by the client. At no point prior to or after this client pitch did Mr. Greenfield enter into a contract or other agreement with Erwin-Penland, seek payment, receive payment, or indicate that he was seeking ownership or credit over the idea pitched to Erwin-Penland's prospective client.

27. Subsequently, in early 2006 Erwin-Penland discussed making a similar proposal for a branded reality television series involving church choirs to an existing and long-standing Erwin-Penland client in the telecommunications industry.

28. Erwin-Penland made an initial pitch of this idea to client executives, and was asked to present a more detailed proposal.

29. Following this initial pitch, Erwin-Penland contacted Mr. Greenfield and asked him to submit certain information for Erwin-Penland to include in its written proposal, and specifically to provide insight regarding television production aspects of that proposal.

30. Mr. Greenfield provided input and ideas for the television production portion of this proposal, including a budget and production timetable.

31. Mr. Greenfield was not, in 2006 or at any other time, involved in the other marketing aspects of the proposal, nor did he have a direct client relationship with Erwin-Penland's client. His sole contributions to the proposal related to his experience in television production.

32. At no point during the time that the proposal was being put together did the parties enter into an agreement or contract.

33. Apart from Mr. Greenfield's proposed budget (submitted to the client), payment was never discussed.

34. Upon information and belief, both Erwin-Penland and Mr. Greenfield understood at that time that each was making a pitch for future business rather than performing pursuant to any guarantee.

35. In 2006, Mr. Greenfield registered the concept for a reality television series titled "How Sweet the Sound" in his and Joseph Erwin's names with the Writers Guild of America.

5

LIBA/1930451.3

36. Erwin-Penland was not aware of this registration in advance.

37. Erwin-Penland did not agree with Mr. Greenfield's description of the ownership rights for this television series.

38. In April 2006, members of the Erwin-Penland team presented the idea for a branded reality television series titled "How Sweet the Sound" to the client. Mr. Greenfield was invited to that presentation by Erwin-Penland.

39. There was no direct follow-up to this meeting, nor was a revised proposal submitted.

40. The client did not accept the proposal or implement the branded reality series for television broadcast.

41. To date, upon information and belief, the client has taken no steps to advance the filming or production of a branded reality television series entitled "How Sweet the Sound."

42. In 2007, the client decided to promote and hold a concert in Memphis, Tennessee, involving various church choirs. Erwin-Penland came up with the idea and the marketing plan for this concert. The title of this concert was "How Sweet the Sound."

43. Apart from the name, this concert was unrelated to the proposal made by Erwin-Penland and Mr. Greenfield in 2006. The idea and plan surrounding this concert involved a wholly separate proposal and plan, different from the prior proposal to which Mr. Greenfield contributed. In addition, there were no television programs, episodes, writers, or scripts involved in this proposal, nor did it include story rights.

44. None of the information regarding the development and production of a television show that Mr. Greenfield had contributed to the proposal in 2006 were included in the proposal and planning documents for the Memphis concert in 2007.

6:08-cv-03980-GRA     Date Filed 12/10/08    Entry Number 1-1    Page 11 of 15

45.     Mr. Greenfield knew about the Memphis "How Sweet the Sound" concert before it took place.

46.     Erwin-Penland employees Joseph Erwin and Allen Bosworth discussed this concert with Mr. Greenfield in early 2007, before the concert took place. Erwin-Penland informed Mr. Greenfield of its client's plan to hold a local choir competition in Memphis, Tennessee. There was no television component to this event.

47.     At no point during this discussion did Mr. Greenfield demand money, claim ownership of the concept of a choir competition, or accuse Erwin-Penland of breaching any obligation to him.

48.     Erwin-Penland's client held its "How Sweet the Sound" concert in Memphis in October 2007.

49.     At no point prior to this concert did Defendants claim ownership rights in this concert or seek monetary or other relief from Erwin-Penland.

50.     In 2008, Erwin-Penland's client decided to hold similar local church choir events in other cities. Erwin-Penland is assisting its client with this project, and specifically with several unscripted local church choir competitions held in different cities, followed by a final concert involving regional winners. Again, there is no broadcast television aspect to these events.

51.     Defendants cannot legally or factually take credit for the church choir concerts undertaken by Erwin-Penland's client.

52.     Defendants cannot legally or factually take credit for the work Erwin-Penland has contributed to this project.

7

LIBA/1930451.3

53. Mr. Greenfield made limited contributions to a proposal in 2006 involving the production and broadcast of a reality-based television series. As noted, this proposal was rejected. The current "How Sweet the Sound" project being undertaken by Erwin-Penland and its client does not involve a reality-based television series and is otherwise separate and distinct from the proposal to which Mr. Greenfield contributed in 2006.

54. There were no written or oral agreements between Erwin-Penland and Mr. Greenfield at any time.

55. Erwin-Penland made no representation to Mr. Greenfield regarding future work or projects.

56. The client relationships at issue all belong to Erwin-Penland, not Mr. Greenfield.

57. As discussed above, the entire interaction between Erwin-Penland and Mr. Greenfield was limited to two specific proposals, neither of which was accepted by the client.

58. Erwin-Penland's parent corporation, Hill Holliday Connors Cosmopulos, filed two trademark applications for the mark "How Sweet the Sound" in June 2007 for entertainment services, namely conducting contests. Those marks, Serial Nos. 77/203,718 and 77/203,81, were published for opposition on November 27, 2007.

59. Mr. Greenfield has not opposed those applications.

60. On August 22, 2008, counsel for Defendants sent a demand letter to Erwin-Penland. In that letter, Defendants claimed ownership in an "entertainment and promotional project known as 'How Sweet the Sound.'" Mr. Greenfield claimed he was entitled to 50% of any and all proceeds received by Erwin-Penland resulting from the "How Sweet the Sound" project. Defendants also demanded a complete accounting of all revenues generated as a result

of the project and full and complete "attribution and credit" to Mr. Greenfield on all materials, information, and assets relating to the project.

61.     Defendants have threatened legal action against Erwin-Penland if their demands were not met.

62.     Erwin-Penland denies that Defendants are entitled to any monetary relief or share of the proceeds received by Erwin-Penland. In addition, Erwin-Penland denies that Defendants are entitled to any attribution, credit, or ownership over Erwin-Penland's work done on behalf of its clients.

63.     An actual controversy exists regarding Defendants' rights, if any, in Erwin-Penland's work and whether Defendants are entitled to either payment or an accounting from Erwin-Penland.

## COUNT I: DECLARATORY JUDGMENT

64.     Erwin-Penland realleges and incorporates herein the allegations contained in paragraphs 1 through 63.

65.     Defendants have alleged that they are co-owners of certain work done by Erwin-Penland on behalf of its client.

66.     Defendants have threatened legal action if Erwin-Penland does not acknowledge their rights, pay them 50% of all revenues generated by the project, and provide them with full attribution and credit for Erwin-Penland's work.

67.     As noted above, Erwin-Penland denies that Defendants have any rights, interest, or ownership claims in any work undertaken by Erwin-Penland at any time. Further, Erwin-Penland denies that Defendants have ownership, copyright, or creative rights over any proposed plan, idea, strategy, or project with Erwin-Penland.

9

68. An actual controversy exists that requires this Court's intervention.

69. Wherefore, Erwin-Penland seeks a declaration that Defendants have no co-ownership interest or rights in the marketing project "How Sweet the Sound" that Erwin-Penland is currently executing on behalf of its client.

70. In addition, Erwin-Penland seeks a declaration that Defendants have no right, title, interest, or ownership in any proposal, project, idea, or plan formulated by Erwin-Penland.

71. Further, Erwin-Penland seeks a declaration that Mr. Greenfield has no right, title, or interest in any trademark or copyright relating to the project dubbed "How Sweet the Sound" being undertaken by Erwin-Penland on behalf of its client.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff Erwin-Penland respectfully requests that this Court order the following relief:

(1) A declaration that Defendants have no contractual, trademark, copyright, or other rights in the current project, "How Sweet the Sound," being undertaken by Erwin-Penland on behalf of its client;

(2) A declaration that Defendants have no contractual, trademark, copyright, or other rights in any other work done by Erwin-Penland at any time;

(3) A declaration that Defendants have no right to any revenues, fees, costs, or other monetary award, or to an accounting, from Erwin-Penland relating to the project "How Sweet the Sound" or any other matter; and

(4) Such other relief as this Court orders.

## Jury Trial Requested

Plaintiff hereby requests this case be tried before a jury according to South Carolina law.

        Respectfully submitted,

        HILL HOLLIDAY CONNORS COSMOPULOS,
        Inc., d/b/a ERWIN-PENLAND

        By its attorneys,

        */s/ Bernie W. Ellis*

        Bernie W. Ellis, S.C. Bar # 64841
        Rita M. McKinney, S.C. Bar # 3861
        McNair Law Firm, P.A.
        Post Office Box 447
        Greenville, South Carolina 29602
        864-271-4940 (phone)
        864-271-4015 (fax)
        bellis@mcnair.net
        rmckinney@mcnair.net

        *Of Counsel*:

        Brenda R. Sharton
        Neil T. Smith
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        617.570.1000

Dated: September 12, 2008