IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| HILL HOLLIDAY CONNORS ) | |
| COSMOPULOS, INC. d/b/a ERWIN-PENLAND ) | |
| Plaintiff, ) | |
| vs. ) | Case Number: 6:08-CV-3980-GRA |
| JEFFREY GREENFIELD and ) | |
| I" APPROACH, LLC, ) | CONSENT PROTECTIVE ORDER |
| Defendants, and ) | |
| Third-Party Plaintiffs, ) | |
| vs. ) | |
| CELLCO PARTNERSHIP d/b/a ) | |
| VERIZON WIRELESS, and ) | |
| JOSEPH A. ERWIN, ) | |
| Third-Party Defendants. ) | |

This matter having come before the Court by agreement of Plaintiff Hill Holiday Connors Cosmopulos, Inc. d/b/a Erwin Penland and Defendants Jeffrey Greenfield and 1st Approach, LLC (collectively. the "Parties"), who seek protection from disclosure of certain matters which may constitute confidential trade secrets, proprietary information, financial data, business strategies, market research, product development data, or other sensitive commercial information, for good cause shown, IT IS HEREBY ORDERED, as follows:

1. <u>Scope of Order</u>: This Order shall govern all discovery materials produced or disclosed by the Parties or a producing non-party (each a "Producing Person") in this action, including but not limited to the following: documents, things, and electronically stored information; initial disclosures; answers to interrogatories; responses to requests for admission; depositions; deposition exhibits; deposition transcripts and tapes; affidavits; and all other discovery taken pursuant to the Federal Rules of Civil

Procedure or otherwise.

2. <u>Designation of Material as "Confidential" or "For Attorneys' Eyes Only"</u>. Parties to this action, or a non-party from whom discovery is sought (each a "Designating Party"), may designate as "Confidential" or "For Attorneys' Eyes Only" any material within the scope of this Order that the Designating Party reasonably and in good faith believes contains the Designating Party's proprietary, personal, or otherwise confidential material or information. The protections afforded to material protected as "Confidential" or "For Attorneys' Eyes Only" shall extend to all copies thereof and all information contained therein.

(a) The "Confidential" designation shall apply to documents or information within the scope of this Order that the Designating Party reasonably and in good faith believes constitutes confidential material such as research, development, financial, technical, marketing, advertising, or commercial information or data, communications, personal information, propriety information, or other information the other parties would not have access to but for the lawsuit. There is no presumption of "Confidential".

(b) The "Attorneys' Eyes Only" designation shall apply to documents and information described in the preceding sentence that the Designating Party reasonably and in good faith believes would be competitively injurious if disclosed to the non-producing party or other third parties, including materials such as trade secrets and other competitively sensitive information. The parties agree that certain financial

information, trade secrets, research and development information. customer lists, customer contracts, and customer personal information may constitute such materials. There is no presumption of meeting the criteria for "Attorney's Eyes Only".

3. <u>Manner of Designating Written Material as "Confidential" or "For Attorneys' Eyes Only"</u>. To designate and categorize information contained in discovery material that is produced in written form as either "Confidential" or "For Attorneys' Eyes Only," the Designating Party shall stamp "Confidential" or "For Attorneys' Eyes Only," or language classifying the material as similarly confidential and protected, on each page of such discovery material, along with a Bates number on each page. The designation and classification of information as either "Confidential" or "For Attorneys' Eyes Only" shall be deemed effective to bring that information under the protections of this Order unless and until the Court orders
otherwise.

4. <u>Disclosure of Materials Designated as "Confidential"</u>. Protected material designated and categorized as "Confidential" pursuant to Paragraph 3 above may be disclosed only to the following persons, except upon the prior written consent of the Designating Party or as otherwise expressly provided in this Protective Order or by Order of the Court:

    (a) Counsel of record for each party in the action and attorneys at law firms of record who are assisting in the conduct of this litigation, as well as designated in-house counsel of a party;

(b) Authorized secretarial, clerical, and legal assistant staff working under the direction of counsel of record for the parties who are necessary to assist in the conduct of this action;

(c) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials, provided that such outside contractors are under an obligation to maintain the documents and information as confidential under this Order;

(d)  Officers, directors, and employees (and former officers, directors, and employees) of the Parties or any affiliate of the Parties (collectively, "Employees") whose advice and consultations are being used, or will be used, by a party in connection with this proceeding and to whom it is necessary that the materials be disclosed, provided, however, that any such Employee is first advised of and agrees to the terms and conditions of this Order and executes the Confidentiality Undertaking annexed hereto as Exhibit A.

(e) Non-Employee experts, advisors, or consultants, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, provided that any such Non-Employee is first advised of and agrees to the terms and conditions of this Order and executes the Confidentiality Undertaking annexed hereto as Exhibit A.

(f) Any stenographer and/or videographer who prepare an official record or transcription of depositions or other testimony in this action;

(g) The Court and its staff, any Special Master appointed by the Court and its staff, and any mediators and their staff agreed to by the parties;

(h) The signatory author, addressee, or recipient of tile information or document designated as "Confidential."

5. <u>Disclosure of Materials Designated as "For Attorneys' Eyes Only"</u>. Protected material designated and categorized as "For Attorneys' Eyes Only" pursuant to Paragraph 3 above may be disclosed only to the following persons, except upon the prior written consent of the Designating Party or as otherwise expressly provided in this Protective Order or by Order of the Court:

(a) Counsel of record for each party in the action and attorneys at law firms of record who are assisting in the conduct of this litigation, as well as designated in-house counsel of a party;

(b) Authorized secretarial, clerical, and legal assistant staff working under the direction of counsel of record for the parties who are necessary to assist in the conduct of this action;

(c) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials, provided that such outside contractors are under an obligation to maintain the documents and information as confidential under this Order;

(d) Non-Employee experts, advisors, or consultants, whether testifying or not, and any other person requested by counsel to give testimony, or

otherwise to assist in trial preparations in this action, provided that any such Non-Employee is first advised of and agrees to the terms and conditions of this Order and executes the Confidentiality Undertaking annexed hereto as Exhibit A.

(e) Any stenographer and/or videographer who prepare an official record or transcription of depositions or other testimony in this action;

(f) The Court and its staff, any Special Master appointed by the Court and his/her staff, and any mediators and their staff agreed to by the parties;

(g) The signatory author, addressee, or recipient of the information or document designated as "For Attorneys' Eyes Only."

6. <u>Effect of Designation.</u>  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing herein shall constitute a waiver of any claim or privilege or other protection from discovery.  Nothing herein shall be construed as an admission that materials so designated are confidential or for attorneys' eyes only, but only that the parties agree to comply with the terms of this Order.

7. <u>Challenges To Designations.</u>  Counsel for any party shall not be obligated to challenge the propriety of any Confidential or Attorney's Eyes Only designation. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation. Compliance with the terms of this Order shall not operate as an admission that any particular document or information is or is not confidential.

8. Confidentiality Undertaking. No disclosure of Protected Material shall be made pursuant to Subparagraphs 4(d), 4(e), or 5ed) unless and until the person to whom the information is to be disclosed shall be advised of and shall agree to the terms and conditions of this Order by signing a "Confidentiality Undertaking…. in the form annexed hereto as Exhibit A, and shall agree to maintain the information in a separate and identifiable file, access to which is appropriately restricted, to the extent such person is permitted under the terms of this Protective Order to retain copies of any Protected Material.

9. Court Filings Incorporating Protected Material. Parties who wish to incorporate materials protected under this Order in court filing by filing such materials under seal shall comply with Local Civil Rule 26.08 and Local Civil Rule 5.03, which govern the filing of documents under seal.

10. Objections to Designations. If a Party objects to a designation of material as "Confidential" or "For Attorneys' Eyes Only," the objecting Party shall notify the Designating Party in writing of its request to have the designation modified or withdrawn. The notice shall identify the material in question by identifying the appropriate Bates label of the documents.  Within three (3) business days of the receipt of such notice, the Designating Party shall respond in writing either withdrawing the designation, or setting forth in reasonable detail the reasons why the Designating Person believes the information is entitled to the designated status, or modifying the designation and setting forth in reasonable detail the reasons why the

Designating Party believes the information is entitled to the modified designation. At that time, the objecting Party may apply for a ruling from the Court on the continued status of the information. Upon any such application to the Court, the burden of making a *prima facie* showing as to why the designation is proper shall be on the Designating Party. There is no presumption in favor of "Confidential" or meeting the criteria for "Attorney's' Eyes Only". The burden of showing that

the designation is proper shall be on the Designating Party. The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

11.     <u>Recipient of Protected Material Consent to Jurisdiction.</u>

Each individual who receives material designated as "Confidential" or "For Attorneys' Eyes Only" in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

12. Due Precautions. The recipient of any material designated as "Confidential" or "For Attorneys' Eyes Only" under this Order shall maintain such information in a secure and safe area, shall take all necessary and appropriate measures to ensure the continued confidentiality of such material. and shall take all due precautions to prevent the unauthorized or inadvertent disclosure of any material designated as "Confidential" or "For Attorneys' Eyes Only."

13. <u>Disclosure and Use by Parties.</u>  Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing material designated as "Confidential" or "For Attorneys' Eyes Only" to any natural person who the document clearly identifies as an author, addressee. or carbon copy recipient of such document. During deposition or trial testimony, counsel may disclose documents produced by any Producing Person to current employees and officers of such Producing Person.  Nothing contained in this Order shall preclude a Producing Party from using its own Protected Material in any manner it sees fit, or from revealing such Protected Material to whomever it chooses without the prior consent of any other Party or of this Court.

14. <u>Depositions.</u>

(a)  Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated and categorized by the Designating Party by: (I) indicating on the record at the deposition that the testimony or other material is designated as "Confidential" or "For Attorneys' Eyes Only" under this Order; (ii) notifying counsel for the Parties in writing of such designation prior to the deposition; or (iii) by making such a designation in writing to counsel for the Parties within five (5) business days after receipt of tile transcript of such deposition. Any such designation must be pursuant to the standards set forth in this Order.

(b) In order to facilitate designations pursuant to subparagraph 14(a)(iii), unless otherwise agreed to in writing, all deposition transcripts shall be treated in a

manner consistent with material designated as "For Attorneys' Eyes' Only" under Paragraph 4 for a period of three (3) business days from receipt of the transcript by the Parties.

(c) In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of material protected under this Order, counsel for that Party may request that all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order, shall leave the room during the time in which this information is disclosed or discussed.

(d) The court reporter shall designate and categorize those portions of deposition transcripts that are protected as either "Confidential" or "For Attorneys' Eyes Only" with an appropriate legend, and shall separate portions) of transcripts and deposition exhibits that contain Protected Material from those portions) of transcripts and deposition exhibits that do not. All copies of deposition transcripts and/or video tapes thereof that contain Protected Material shall be prominently marked and, if sought to be filed with the Court, the provisions of Paragraph 9 above shall apply. Deponents shall not retain or copy portions of the transcript of their depositions that contain Protected Material not provided by them or the entitles they represent unless they comply with the provisions of this Order.

15. <u>Use of Produced Material</u>. All material produced in the action shall be used only in connection with the preparation, trial, and appeal of this action, if any. No

material produced shall be disclosed to any other person or entity or used for any other purpose or use, including, but not limited to, use in business, governmental, media, commercial, or administrative or judicial proceedings, unless otherwise agreed to beforehand in writing by the Parties or if the Court so orders.

16.  Redactions. This Order does not affect the ability of a Producing Person to refuse to disclose information that is properly subject to the attorney-client privilege, the attorney work-product doctrine, or other privilege. Nor does this Order affect a parties ability to challenge redactions. To that end, each Producing Person may produce its documents in redacted form, redacting only information that is subject to a claim of attorney-client privilege, work product immunity, or other privilege provided that the Producing Person also produces a privilege log setting forth the basis for any privileges asserted. The Producing Person producing a document in redacted form shall make the notation "Redacted" (or comparable notice) on each redacted portion of the document. The receiving Party shall not have the right to custody of the original un-redacted documents or a copy thereof. In the event of a disagreement, the receiving Party shall identify those redacted areas of the documents that it believes should not be redacted. In the event the Producing Person continues to refuse to produce the document(s) in un-redacted form, counsel of the receiving Party may seek a determination by the Court that such un-redacted documents or portions thereof should be produced.

17.  No Waiver. If documents or information subject to a claim of attorney-client

privilege, work product, or other immunity from disclosure are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or an estoppel as to, any claim of privilege, work product, or other immunity for such documents or information. The Parties expressly reserve all rights they may have pursuant to Fed. R. Civ. P. 26(b)(5).

18. <u>Failure to Designate.</u> If a Producing Person determines that it has inadvertently failed to designate material as "Confidential" or "For Attorneys' Eyes Only," it may do so by giving written notice to counsel for each Party of the new designation as being either "Confidential" or "For Attorneys' Eyes Only." All persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and/or 5 shall promptly return all known copies of any such documents to the Producing Person.  Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production. After the return of the documents, the returning Party may challenge the designation pursuant to Paragraph 10. which challenge shall be without regard to the fact that any such document has been re-designated.

19. <u>Receipt of Subpoena.</u> If a Party in possession of Protected Material obtained from a Producing Person receives a subpoena or other form of compulsory process seeking production or other disclosure of such information, it shall immediately give written notice to the Producing Person, specifying the information sought and

enclosing a copy of the subpoena or other form of compulsory process, unless otherwise prohibited by law. Where possible. such notice shall be given to the Producing Person at least ten (10) calendar days prior to production or disclosure called for by the subpoena or other form of compulsory process. The person subject to the subpoena or other form of compulsory process shall not produce or disclose the requested information without the consent of the Producing Person or until ordered to do so by a court of competent jurisdiction, provided that the Producing Person makes a timely motion or other application for relief from the subpoena or other formal of compulsory process in the appropriate forum.

20. <u>Immediate Effect.</u> The parties agree to be bound by the terms and conditions of this Order immediately upon the execution of this Stipulated Protective Order by its respective counsel.

21. <u>Non·Termination.</u> The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action. Within 60 calendar days after the final termination of this action, including any appeal, all Parties and non- Parties shall either a) return all Protected Material, all copies thereof, and all notes and other materials that contain or refer to Protected Material to the respective Producing Person, or b) shall destroy all Protected Material, all copies thereof, and all notes and other materials that contain or refer to Protected Material, and all Parties who possessed such Protected Material shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Person not more

than 60 days after the final termination of this action. Notwithstanding the foregoing, counsel for each Party shall be permitted to retain one copy of each document filed with the Court or served in this proceeding, including correspondence with opposing counsel, one copy of each trial and deposition transcript, and one copy of each trial and deposition exhibit, which copies shall remain subject to the terms of this Order. Further, counsel for each Party shall be authorized to retain attorney work product. The treatment accorded Protected Material under this Order shall survive the termination of this action.

      22.   <u>Modification.</u> Nothing in this Order shall prevent any party, counsel, or other person from seeking modifications to this Order or from objecting to discovery that it believes to be otherwise improper.

      23. <u>Responsibility of Attorneys.</u> The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of all Protected Material.

IT IS SO ORDERED.

                                                                       G. ROSS ANDERSON, JR.
                                                                       UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 6, 2009