UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| HILL HOLLIDAY CONNORS COSMOPULOS, INC. d\b\a ERWIN-PENLAND, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFREY GREENFIELD and 1st APPROACH, LLC, <br><br> Defendants, and <br> Third-Party Plaintiffs, <br><br> vs. <br><br> CELLCO PARTNERSHIP d\b\a VERIZON WIRELESS, and JOSEPH A. ERWIN, <br><br> Third-Party Defendants. | CIVIL ACTION NO. 6:08-CV-3980-GRA <br><br> **HON. G. ROSS ANDERSON, JR.** |

## GREENFIELDS' MEMORANDUM IN OPPOSITION
## TO MOTION TO CLARIFY SCHEDULE AND FOR PHASED DISCOVERY

Defendants/Third Party Plaintiffs Jeffrey Greenfield and 1st Approach LLC (hereinafter "Greenfield") oppose the Motion to Clarify Schedule and For Phased Discovery (herinafter "Motion") filed by Erwin-Penland, Joseph A. Erwin, and Verizon Wireless (hereinafter "Moving Parties"). The request is made three quarters of the way into the current discovery schedule and after no significant discovery has been completed. The request is an attempt to delay and obfuscate the issues. Greenfield asserts that the factual timeline proposed by the moving parties

is inaccurate. Greenfield began his relationship with the E-P prior to the date represented by the moving parties in their motion. Further, the agreement contemplated future conduct. Finally, discovery is so intertwined on issues of contract, performance and damages that phasing discovery would lead to duplicative efforts, especially as it relates to necessary depositions.

## BACKGROUND

This case began in state court on September 12, 2008 when Erwin-Penland filed a declaratory judgment action against Greenfield in which Erwin-Penland sought the following relief:

> (1) A declaration that Defendants have no contractual, trademark, copyright, or other rights in the current project, "How Sweet the Sound," being undertaken by Erwin-Penland on behalf of its client.
>
> (2) A declaration that Defendants have no contractual, trademark, copyright, or other rights in any other work done by Erwin-Penland at any time.
>
> (3) A declaration that Defendants have no right to any revenues, fees, costs, or other monetary award, or to an accounting, from Erwin-Penland relating to the project "How Sweet the Sound" or any other matter.

The Declaratory Judgment action was served upon Greenfield on December 4, 2008, and removed by Greenfield to this Court on February 14, 2009. Greenfield filed an Answer and Counterclaim in which a comprehensive factual chronology was provided supporting the following causes of action:

1. Fraud in the Inducement of a Contract.
2. Breach of Contract.
3. Breach of Contract Accompanied by a Fraudulent Act.
4. Promissory Estoppel.
5. Negligent Misrepresentation.
6. Conversion.
7. Fraud and Misrepresentation.
8. Constructive Fraud.
9. Breach of Fiduciary Duty – Constructive Trust.
10. Misappraition of Trade Secrets.

11. Restitution ~ Unjust Enrichment ~ *Quantum Meruit*
12. Injunctive Relief.
13. Cancellation of Fraudulent Trademark Registration.

On February 26, 2009, Greenfield filed the First Amended Complaint, Counterclaim and Third-Party Complaint in which the above causes of action were asserted. Additionally, in the third-party complain in which Verizon Wireless and Joseph A. Erwin were named as third-party defendants, Greenfield alleged aiding and abetting breach of fiduciary duty as well as all the above referenced causes of action.

On January 29, 2009 E-P filed the Rule 26(f) Report that addressed a discovery plan. Of importance to note and key to their motion, there is no mention or request in such report for phased discovery although the issues were the same and have remained the same since the entry of the Report. (Dkt. Entry 13)

## ARGUMENT

The Moving Parties in their motion at issue ask the Court to enter an Order as follows:

> [D]irecting the parties to engage in phased discovery and dispositive motions on the distinct, dispositive, and threshold issues of whether the limited contact between the Moving Parties and Defendants Jeffrey Greenfield and 1st Approach LLC (collectively, the "Defendants" or "Greenfield") during 2005 and 2006 created any intellectual property rights, contractual rights, or other enforceable rights in this case.

Additionally, under the "efficient, cost-saving approach" proposed by the Moving Parties, Greenfield's Rule 26(b) FRCP right to "… obtain discovery of any nonprivilged matter that is relevant to the Defendants' claims or defenses" would be severely limited to events which occurred prior to December 31, 2006, and which relate only to those interactions between the parties prior to December 31, 2006 which "... created any ongoing enforceable rights for the Defendants" according to the language requested by the Moving Parties to be placed in the Phased Discovery Order.

This tactical motion is based upon an apparent misunderstanding of the spirit and letter of the FRCP, specifically Rule 26, and a mischaracterization of the facts of this case. The effect of phased discovery in the instant action will be to drag out the discovery process under the guise that it is more efficient. The ruse is that the discovery will allow the parties to expeditiously file dispositive motions while effectively limiting Greenfield's ability to respond appropriately to the same. Nothing prohibits the parties from filing a dispositive motion at any time. Should the facts be as clear cut as the moving parties suggest then they should file their dispositive motions now. Without any further showing and given the paucity of discovery engaged in at this point, it is a stretch to now argue this current proposal is the most efficient. The Motion is full of "false premises" outlined below.

In a recent complex and highly contentious action, District Court Judge Alsup denied, at the Case Management Conference stage, the defendant's motion for bifurcated discovery. *Gonzalez v. Texaco Inc.,* 2007 *U.S.* Dist. Lexis 184444 (N.D. Cal. 2007). (see Attachment #1) The Court noted specifically that such an approach could lead to increased costs in discovery as a direct result of increased discovery disputes. *Gonzalzez*, 2007 U.S. Dist. Lexis 184444 at *2-3. Similar concerns were more recently addressed in the class action framework by Dirstict Court Judge Friedman in *In re: Rail Freight Fuel Surcharge Antitrust Litig.,* 2009 U.S. Dist. Lexis 56748 (D.C. D.C 2009). (see Attachment #2) While recognizing its discretion in considering bifurcated discovery, the Court found efficiency and fairness are the overriding considerations. *In re: Rail freight Surcharge, 2009 U.S. Dist. Lexis 56748 at *23-24.* Additionally, the Court found bifurcated discovery could promote abuse of the discovery process and needlessly extend cost and time of litigation. *Id.*

The same fear can be applied to the instant case. So far there were disputes over the initial disclosures and a protective order for production of the moving parties' documents which

have yet to be produced. Now we have a full blown motion with accompanying memos of law and opposition to same on the issue of "phasing" or more properly termed, bifurcating discovery.

The timing of the request is suspect in the instant case. This request is made eight months after the Rule 26(f) Report was filed. (Dkt. # 13) It was not until last week that the protective order was entered after extended negotiations. A "phasing" or bifurcating process intensifies an already contentious matter and may ultimately lead to a more costly and timely process.

Much of the Moving Parties' position is based on their characterization of Greenfield's contribution to "How Sweet the Sound" as pertaining solely to a reality television show. This is highly disputed[1]. Greenfield will show the concept of using local competitive events with local personalities and celebrities with regional and final competitions was its concept, intellectual property and a trade secret. The ability to produce and put on the local events was additional expertise which Greenfield brought to the overall "How Sweet The Sound" concept. In addition Greenfield's contract claims involve future conduct. Greenfield has alleged contract rights in future production of local events.

## FALSE PREMISE #1

The current motion is premised upon the argument "[a]ny such rights were established and created at the latest, by the conclusion of 2006."

The above contention is simply not true. A single example among many to establish this can be found in Greenfield's cause of action for Breach of Contract Accompanied by Fraudulent Act which includes the following factual allegations:

> Upon information and belief, the Defendants are informed and believe that Erwin-Penland committed fraudulent acts as follows:

---

[1] Assuming *arguendo* that the Moving Parties contention is correct, such would not support the current motion because Black Entertainment Television, (BET) aired "How Sweet The Sound" this year.

   a. By misleading Defendants as to the status of the Second Pitch solicitation to Verizon Wireless;
   b. By covertly preparing and rolling out the <u>How Sweet the Sound</u> campaign without informing Defendants;
   c. By claiming falsely that Defendants' role in the Second Pitch to Verizon Wireless was limited to production of a television show;
   d. By fraudulently registering the aforesaid domain names and the <u>How Sweet the Sound</u> trademark, all of which rightfully belong to Defendants; and
   e. By misappropriating Defendants' Trade Secrets.

Greenfield contends that the above events (a) through (e) occurred or began in 2007. Further, the misappropriation of Defendants' Trade Secrets is continuing to this day. To limit the initial discovery in the matter to pre-2007 would deprive Greenfield from presenting the entire harm that has been inflicted and force the issues to be cut and micro managed. All of which would needlessly extended the litigation.

## FALSE PREMISE #2

The second major theme trumpeted by the moving parties is "[g]ranting this Motion will conserve judicial and party resources." Again this is simply not so. First, the plan promoted would require more court intervention, more hearings on discovery issues, require the parties to conduct two phases of discovery, namely before 2007 and after. This will obviously extend the litigation. In fact, "phasing" or more properly bifurcating discovery will in actuality expend judicial and party resources.

With specific reference again to the cause of action for Breach of Contract Accompanied by Fraudulent Act the limitation of Greenfield's discovery to events prior to December 31, 2006 cannot possibly conserve party resourcess. Greenfield will not be able to conduct discovery and take depositions upon the subject of breach, the alleged accompanying fraudulent acts, and damages. Thus, if the motion is granted, Greenfield will be required to conduct a second set of depositions of many of the same witnesses on the Breach of Contract Accompanied by a Fraudulent Act issues, as well as many more causes of action and issues in the instant case.

## FALSE PREMISE #3

Another faulty premise is the assertion "[t]here is no dispute that all purported contribution or participation by Defendants in the subject matter of this litigation is limited to Defendants' involvement in two pitches for potential work made by Erwin-Penland in November 2005 and April 2006." This is a highly disputed issue and the facts clearly support an opposite inference.

In its counterclaim Greenfield alleges facts re: inducement which <u>preceded</u> the two pitches for potential work as follows:

> 8. On or about October 21, 2005, Mr. Greenfield made a presentation to the Intermarket Agency Network in Los Angeles entitled <u>Branded Entertainment</u> which was attended by a group of national and regional advertising agencies, including Mr. Erwin of Erwin-Penland. Following the presentation, Mr. Greenfield was contacted by Mr. Erwin who inquired whether 1st Approach would be willing to work with Erwin-Penland in preparing a sales pitch to a national restaurant chain – Captain D's - which would incorporate Defendants' Trade Secrets. Mr. Erwin stated to Mr. Greenfield that if they were successful in the new client solicitation, Erwin-Penland would compensate 1st Approach per their agreed fee schedule.

Moreover, with reference to the events which occurred in 2007 and later, all deal with the same nucleus of facts that establish the contract which Greenfield alleges was in existence and are relevant as to how the parties future conduct would be handled under the agreement. These are specifically pled in the claim for Breach of Contract Accompanied by Fraudulent Act. Under the Moving Parties' "efficient, cost-saving approach," Greenfield would be forced to duplicate discovery of the people involved in the formation and performance of the agreement. Greenfield asserts the discovery is relevant both on the subject of breach of contract, fraudulent acts and damages.

## FALSE PREMISE #4

Greenfield also disputes the statement "[t]here is no dispute that Defendants did not collaborate with, or have any contractual or other business relationship with, any of the Moving Parties subsequent to this pitch made to Verizon Wireless in April 2006." The agreement between Greenfield and the Moving Parties began before 2006 and was contemplated to have an effect on an ongoing and future basis. As stated above in regards to Breach of Contract Accompanied by Fraudulent Act, Greenfield would show misappropriation of his Trade Secrets is continuing to this day. Standing alone, such supports a causes of action against the Moving Parties, and Greenfield should be permitted to take discovery upon each.

## FALSE PREMISES #5

The Moving Parties' belief "[t]hus, the threshold question for all claims at issue is whether the limited contact and collaboration between the Moving Parties and the Defendants, which ceased in 2006, created any ongoing enforceable rights for the Defendant." This false premises is based upon the mischaracterization of Greenfield's involvement in the project at issue and seeks to limit such to a television reality show. Greenfield contends that the concepts of local competitions leading up to regional and a final competition utilizing local personalities and venues was Greenfield's idea, intellectual property, trade secrets and part of his contribution to the project. The reality television concept was but one vehicle of distribution.

The question which the Moving Parties blithely characterize in their tactical motion as a "threshold" issue from which all other issues must necessarily flow, is actually but one aspect of a complex, conflicting web of facts which must be fully investigated by both parties so as to establish their respective claims and defenses. Defendants' Statement of Facts contained in their First Amended Complaint, Counterclaim and Third-Party Complaint consists of thirty-seven paragraphs of facts, many of which are alleged to have occurred both before and after the

window of time which the Moving Parties would slam shut upon the Defendants' Rule 26(b) right to conduct full discovery in this case.

## **CONCLUSION**

As the Court considers the Motion, Greenfield respectfully reminds the Court that it is Erwin-Penland, one of the Moving Parties, who sued Greenfield seeking a declaration that Greenfield has no "…contractual, trademark, copyright, or other rights" in the marketing campaign, "How Sweet the Sound." Considering the contractual claims alone, Greenfield's factual allegations both <u>precede</u> and <u>follow</u> the span of time to which the Moving Parties would limit discovery.  Greenfield contends that it would be manifestly unjust to deprive them of their Rule 26(b) discovery rights which are necessary for them to develop their defenses to the Declaratory Action filed by Moving Party Erwin-Penland, and to establish their counterclaims as well as third-party claims.

Greenfield would add that the discovery burden imposed upon the Moving Parties is vastly over-stated in support of their tactical motion, given much of what has been requested is most likely in the form of ESI, and can be readily queried and produced to Greenfield. Indeed, the Moving Parties are required by Rule 26 to have accomplished much of this document-intensive work in identifying documents, ESI and tangible things to be produced in their Initial Disclosures.

Finally, the Moving Parties have failed to show any compelling reason why this Court should depart from the establshed flow of litigation consisting of pleadings, initial disclosures, Rule 12(b)(6) motions, discovery and motions for summary judgment.  Fairness and efficiency dictate denial of the motion.

For the reasons set forth above, Greenfield respectfully requests the motion be denied.

Respectfully Submitted,

**JEKEL-DOOLITTLE, LLC**

_____
Paul J. Doolittle, Esq.

Frederick J. Jekel, Esq.
P.O. Box 2579
Mt. Pleasant, SC 29465
Fritz@J-DLaw.com
Phone: (843) 654-7700
Fax: (888) 567-1129

And

**The Law Office of P. Jeffrey North LLC**

**P. Jeffery North. Esq.**

**Attorney Identification Number 9885
PO Box 7525
Hilton Head SC 29938
Phone (843) 341-5200
Fax    (888) 487-7624
Email  attorney@pjnorth.com**

**Mt. Pleasant S.C, Aug. 17, 2009**

**CERTIFICATE OF SERVICE**

This is to certify that on August 17, 2009, the undersigned, attorney for the Defendants, served the above-shown <u>Memorandum in Opposition to Motion to Clarify Schedule and for Phased Discovery by Erwin-Penland, Joseph A. Erwin, and Verizon Wireless</u> by email upon all counsel of record in this case.

**JEKEL-DOOLITTLE, LLC**

Paul J. Doolittle, Esq.

Frederick J. Jekel, Esq.
P.O. Box 2579
Mt. Pleasant, SC 29465
Fritz@J-DLaw.com
Phone: (843) 654-7700
Fax: (888) 567-1129

**August 17, 2009**
**Mount Pleasant, SC**