UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| HILL HOLLIDAY CONNORS COSMOPULOS, INC., d/b/a ERWIN-PENLAND, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY GREENFIELD and 1st APPROACH, LLC, <br><br> Defendants, and Third-Party Plaintiffs, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and JOSEPH A. ERWIN, <br><br> Third-Party Defendants. | CIVIL ACTION NO. 6:08-3980-GRA <br><br> **Hon. G. Ross Anderson Jr.** |

### REPLY IN FURTHER SUPPORT OF MOTION FOR PHASED DISCOVERY BY ERWIN-PENLAND, JOSEPH A. ERWIN, AND VERIZON WIRELESS

Plaintiff Hill Holliday Connors Cosmopulos, Inc. d/b/a Erwin-Penland ("Erwin-Penland") and Third-Party Defendants Joseph A. Erwin ("Mr. Erwin") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") (collectively, the "Moving Parties") hereby submit this brief Reply to address Defendants' Opposition to the Motion for Phased Discovery (the "Motion").

First, Defendants' Opposition fails to address the fundamental legal and factual premise upon which the Motion is based: all of the claims in dispute can be resolved if, as the Moving Parties allege, Defendants have no rights, contractual or otherwise, arising from their brief contacts with the Moving Parties in 2005 and 2006. Importantly, Defendants' Opposition does

LIBA/2024048.5

not dispute that all substantive interactions between the parties ended in 2006. Yet, instead of addressing the Moving Parties' fundamental point and the legal ramifications it entails, Defendants' Opposition argues that the secondary questions of liability and damages cannot be resolved by limiting discovery to pre-2007, a point that is not in contention. Defendants' Opposition puts the cart before the horse; the trier of fact cannot reach issues of damages and liability if Defendants have no rights in the first place. To put it simply, if there was no contractual or other agreement before 2007, there can be no breach of contract. If there were no trade secrets created or shared before 2007, there can be no misappropriation. If there was no fiduciary obligation created before 2007, there can be no breach of that duty later. These are fundamental, threshold questions that should be resolved through limited, and expeditious, discovery.

    Second, Defendants' argument that this Motion is untimely is factually incorrect. Erwin-Penland could not have addressed the issue of phased discovery in its Rule 26(f) Report because Defendants had not even named Mr. Erwin or Verizon Wireless as Third-Party Defendants when the Rule 26(f) Report was filed in this case, and Defendants did not serve Erwin-Penland with their burdensome discovery requests until months later. Contrary to Defendants' allegations, discovery in this case is in its infancy. The Consent Protective Order governing discovery was only entered *this month*, after months of haggling by the Defendants over the "Attorneys Eyes Only" provision contained in the Moving Parties' proposal. After months of delay, Defendants eventually agreed to the same substantive protective order the Moving Parties had proposed months earlier. The Moving Parties only recently became aware of the scope and the burden that discovery will impose in this case should Defendants be permitted the unfettered discovery they seek. Defendants did not serve Verizon Wireless with discovery requests until *last week*. No

2

depositions have occurred yet. The Moving Parties' Motion is thus timely and there is no prejudice to Defendants from phased discovery. Indeed, *just last week*, Defendants themselves proposed a six-month postponement of *all* scheduling deadlines, regardless of the outcome of this Motion.[1] Defendants' argument that phased discovery is improper and will result in delays that will unduly prejudice Defendants is thus without merit.

Finally, the massive discovery that Defendants seek is wholly immaterial to the basic claims in dispute. The day-to-day operations and interactions of the Moving Parties as they plan and execute these ongoing concerts — i.e., the post-2007 discovery — has absolutely nothing to do with Defendants' claim of rights in the project itself. Thousands of emails regarding selecting and scheduling church choirs, contacting vendors, and arranging the logistics of these concerts have no bearing on whether Defendants have contractual or other rights in this project. The Moving Parties fear that Defendants oppose this Motion because they may be trying to force massive, cost-prohibitive, enterprise-wide discovery as a tactical advantage.

It is undeniable that limiting discovery to the period before 2007 will promote judicial economy and conserve valuable time and resources. Courts generally favor phased discovery as a method of conserving resources and appropriately managing the discovery process. If Defendants are able to establish the existence of any rights in the first place, then the parties can proceed to remaining discovery without prejudice to Defendants. However, if — as the Moving Parties allege — Defendants cannot establish the existence of any contractual, fiduciary, trade secret, or other rights, then all claims will be resolved without the need to burden the parties or the Court with the massive discovery undertaking that Defendants seek.

---

[1] The Moving Parties objected to this proposal and suggested a shorter, two-month extension instead. The parties have compromised on a three-month extension of the discovery deadlines, which they will be proposing to this Court shortly.

**ARGUMENT**

1. **Defendants' Opposition Confirms That Any Alleged Rights Claimed By Defendants Could Have Only Arisen During The 2005 And 2006 Timeframe.**

The evidence in this case will show that Defendants have *no* enforceable contractual and intellectual property rights because Defendants' limited interaction with the Moving Parties in 2005 and 2006 did not create or establish any such rights. Accordingly, the Moving Parties are proposing an efficient, cost-saving, and fair approach whereby *if* Defendants can establish that their contributions in 2005 and 2006 created some enforceable rights, *then* they can seek further discovery into whether those rights were subsequently violated. The Moving Parties' proposal does not foreclose Defendants from getting relevant discovery related to purportedly ongoing breaches or infringement as long as Defendants can make the threshold showing that there is something to breach or infringe in the first place.

Defendants' Opposition only confirms what is evident from their Counterclaims — any purported contribution Defendants claim they made to the "How Sweet the Sound" program occurred in 2006 or before, and thus, any rights they claim to possess now were created or established, *at the very latest*, by the conclusion of 2006. Defendants did not make a single substantive contribution to any project undertaken by the Moving Parties after 2006, nor did the parties engage in any interaction that could have created rights for Defendants. In their Opposition, Defendants do not (because they cannot) challenge this fact. This admission alone compels phased discovery.

In an attempt to obfuscate the issues, Defendants' Opposition tries to identify various purported "False Premises" contained in the Moving Parties' Motion. Far from showing that these premises are "false" or that the Motion should be denied, Defendants' argument only confirms the need for phased discovery. Defendants' discussion of "False Premises" contains

4

nothing more than repeated allegations that the Moving Parties are breaching contractual and intellectual property rights on an ongoing basis—this analysis misses the point entirely. There can be no claim for breach of contract if Defendants cannot prove the existence of a contract;[2] there can be no misappropriation of trade secrets if Defendants cannot prove the existence of any trade secrets;[3] there can be no breach of fiduciary duty, or aiding and abetting any breach of fiduciary duty, if Defendants were not owed any fiduciary duties.[4]  Unless Defendants can make the threshold showing that the relationship between the parties in 2005 and 2006 created some enforceable rights in the first place, the expensive and time-consuming discovery into the purported breach and infringement of those rights is moot and unnecessary.

**2.      The Timing of this Motion is Proper and Defendants Will Not Be Prejudiced By Phased Discovery.**

   **A.      The Timing of This Motion Is Proper**

As demonstrated in the Moving Parties' Motion and supporting papers, this request for phased discovery is timely brought because the need for such a phased approach only became clear in recent months.  *See, e.g.*, Declaration of Neil T. Smith in Support of Motion for Phased Discovery ("Smith Dec.") at ¶¶ 5-7.  Defendants' argument that Erwin-Penland failed to mention

---

[2] To recover for a breach of contract claim under South Carolina law, a party must prove: (1) *a binding contract existed between the two parties at issue*, (2) a breach or unjustifiable failure to perform by the other party, and (3) damage suffered by the aggrieved party as a direct and proximate result of the breach.  *Fung Lin Wah Enterps. Ltd. v. East Bay Import Co.*, 465 F. Supp. 2d 536, 542 (D.S.C. 2006) (emphasis added).

[3] South Carolina courts have held that the "*threshold issue* in any trade secrets case is not whether there was confidential relationship or breach of contract or some other kind of misappropriation, *but whether there was a trade secret to be misappropriate*d." *Carolina Chemical Equipment Co., Inc. v. Muckenfuss,* 471 S.E.2d 721  (S.C. App. 1996) (emphasis added).

[4] To prove a breach of fiduciary duty, Defendants will have to prove *the existence of a fiduciary relationship* whereby they imposed such a special confidence in Erwin-Penland and Verizon Wireless that the latter were bound to act in good faith and with due regard to

or request phased discovery in its Rule 26(f) Report, *see Opposition* at p. 3, is disingenuous. Erwin-Penland filed its Rule 26(f) Report on January 29, 2009, which was well *before* the other Moving Parties were even part of this case, and months *before* Defendants served their burdensome discovery requests. Verizon Wireless and Mr. Erwin were not even part of this litigation until Defendants filed an Amended Counterclaim on February 26, 2009, Defendants did not serve their onerous discovery requests on Erwin-Penland until April 28, 2009, and Defendants did not serve their discovery requests on Verizon Wireless *until August 19, 2009* (which was *after* this Motion was served). The Moving Parties could not possibly have addressed such a phased approach months before Defendants had even served their massive discovery requests.

### B. Discovery Has Barely Started And The Defendants Will Not Be Prejudiced By a Phased Discovery Plan

Defendants will not be prejudiced by the phased discovery plan proposed by the Moving Parties because there can be no doubt that discovery in this case is in its infancy. In fact, Defendants *admit* that discovery has not yet begun in earnest. *See Opposition*, p. 1 ("The [Moving Parties'] request is made … after *no significant discovery has been completed.*") (emphasis added). Further, no depositions have been taken in this case. Thus, Defendants contention that discovery is far along is belied by the record.

There is no merit to Defendants' position that "the request is an attempt to delay and obfuscate the issues," *id.* at 1, or that "the effect of phased discovery in the instant action will be to drag out the discovery process." *Id.* at 4. The Moving Parties have no interest in delaying and obfuscating the issues or dragging out the discovery process. To the contrary, the Moving

---

the interests of Defendants. *Moore v. Moore*, 599 S.E.2d 467 (S.C. Ct. App. 2004); *see also Vortex Sports & Entertainment, Inc. v. Ware,* 662 S.E.2d 444 (S.C. Ct. App. 2008).

Parties seek to expedite resolution of this dispute. To the extent that the discovery deadlines need to be adjusted, this should be neither prejudicial nor objectionable to the Defendants. Indeed, just last week, Defendants themselves proposed a six-month extension of the discovery deadlines. The Moving Parties objected to this proposal, suggesting a two-month extension instead. The parties ultimately compromised on a three-month extension that will propose to this Court shortly.

### C. Defendants Fail to Acknowledge the Burden Imposed by Their Massive Discovery Requests

Defendants argue that "the discovery burden imposed upon the Moving Parties is vastly over-stated" because "much of what has been requested is most likely in the form of ESI, and can be readily queried and produced to Greenfield." *Opposition* at p. 9. These arguments gloss over the burdens imposed by Defendants' unnecessary discovery requests, and ignore the responsibilities placed upon parties and counsel when such requests are made.

The Moving Parties cannot simply turn over hundreds of thousands of documents without first spending considerable time and resources in collecting and reviewing the documents themselves. Reviewing these documents for responsiveness and privilege is what takes time, not the identification of broad document categories as required by Rule 26. *See* Smith Dec. at ¶¶ 5-8. In fact, modern discovery practice makes this process even harder because individuals and companies can store increasingly massive amounts of information in electronic form. Defendants' broad and burdensome discovery requests will exponentially increase litigation costs—costs that can be wholly avoided if Defendants cannot make the threshold showings necessary for their claims to survive.

**CONCLUSION**

For the foregoing reasons, and those contained in the Moving Parties' original memorandum, the Moving Parties request that this Court order phased discovery and allow the parties to file dispositive motions on the threshold issue of whether the interaction between Defendants and the Moving Parties in 2006 and prior provided Defendants with any enforceable rights in the How Sweet the Sound project.

Respectfully submitted,

HILL HOLLIDAY CONNORS COSMOPULOS, INC., d/b/a ERWIN-PENLAND,

By its attorneys,

_____
Bernie W. Ellis, S.C. Bar # 64841
Rita M. McKinney, S.C. Bar # 3861
McNair Law Firm, P.A.
Post Office Box 447
Greenville, SC 29602
Phone: 864-271-4940
Fax:    864-271-4015
Email: bellis@mcnair.net
       nnckinney@mcnair.net

*Of Counsel*

Brenda R. Sharton *(pro hac vice)*
Neil T. Smith *(pro hac vice)*
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Phone: 617-570-1000
Fax:    617-523-1231
Email: bsharton@goodwinprocter.com
       nsmith@goodwinprocter.com

8

**AGREED TO AND ACCEPTED BY:**

| | |
|---|---|
| JOSEPH A. ERWIN | CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS |
| By his attorneys, | By its attorneys, |
| *[signature]* | *[signature]* |
| Bernie W. Ellis, S.C. Bar # 64841<br>Rita M. McKinney, S.C. Bar # 3861<br>McNair Law Firm, P.A.<br>Post Office Box 447<br>Greenville, SC 29602<br>Phone: 864-271-4940<br>Fax:    864-271-4015<br>Email:  bellis@mcnair.net<br>           nnckinney@mcnair.net | Robert A. Muckenfuss<br>McGuireWoods, LLP<br>100 North Tryon Street, Suite 2900 (28202)<br>P. O. Box 31247<br>Charlotte, NC 28231-1247<br>Phone: 704-343-2000<br>Fax:    704-343-2300<br>Email:  rmuckenfuss@mcguirewoods.com |

*Of Counsel*

Brenda R. Sharton *(pro hac vice)*
Neil T. Smith *(pro hac vice)*
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Phone: 617-570-1000
Fax:    617-523-1231
Email:  bsharton@goodwinprocter.com
           nsmith@goodwinprocter.com

9