UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hill Holiday Connors Cosmopulos, Inc., d/b/a Erwin-Penland, <br><br> Plaintiff, <br><br> v. <br><br> Jeffrey Greenfield and 1st Approach, LLC, <br><br> Defendants, and <br> Third-Party Plaintiffs, <br><br> v. <br><br> Cellco Partnership d/b/a Verizon Wireless, and Joseph A. Erwin <br><br> Third-Party Defendants. | C/A No.: 6:08-cv-03980-GRA <br><br> **ORDER** <br> (Written Opinion) |

This matter comes before the Court upon Defendants/Third-Party Plaintiffs Jeffery Greenfield's and 1st Approach, LLC's ("Greenfield's") Motion to Compel. Specifically, Greenfield seeks to compel Plaintiff Erwin-Penland ("E-P") to provide an attorney-client privilege log, a redaction log, full responses to Greenfield's Second Set of Request for Production served on April 28, 2009, and full responses to Greenfield's Interrogatories and Request for Production served on August 12, 2009. For the reasons discussed herein, Greenfield's Motion to Compel is DENIED and this Court further DENIES expenses to either Party.

## Background

E-P is an advertising and marketing agency based in Greenville, South Carolina. Greenfield is a national marketing firm, with a principal place of business located in New Hampshire.

The central dispute in this case involves a marketing campaign called "How Sweet the Sound", formerly known as the "Amazing Grace" campaign. Although the "How Sweet the Sound" campaign was initially pitched as a potential reality television show involving church choirs, it has now become a successful series of local church choir events held in cities across the country. E-P claims that although Greenfield assisted in pitching the initial reality televison show concept to Verizon and another E-P client, Greenfield's participation in the campaign was limited to two pitches, Greenfield did not help develop the campaign, and Greenfield has no rights in the "How Sweet the Sound Campaign". Greenfield, however, claims it used its own trade secrets to develop the campaign in collaboration with E-P, and that E-P promised Greenfield a "50/50 split" if E-P landed Verizon as a client, which it ultimately did.

Greenfield filed the instant Motion to Compel on October 23, 2009. E-P filed a Response in Opposition on November 10, 2009. The Motion revolves around four key items: a privilege log, a redaction log, and two requests for production. Both parties seek costs and fees relating to this Motion. This Court held a hearing on this matter on November 23, 2009.

## Standard of Review

The Fourth Circuit has clearly delineated its position with regards to the district court's ability to implement and enforce discovery parameters. "[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). Further, "[t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* (citations omitted).

## Discussion

A.  Attorney-Client Privilege Log and Redaction Log

Greenfield seeks E-P's attorney-client privilege log and redaction log. Greenfield also asks this Court to review certain documents *in camera* because several redaction are suspicious. Specifically, certain identical documents are labeled inconsistently. E-P points out that it has now produced both its attorney-client privilege log and its redaction log. Greenfield now has ample opportunity to examine those logs. Therefore, Greenfield's request to compel these logs is moot. Further, because Greenfield will now have an opportunity to review the allegedly suspicious redactions in light of the logs it requested, this Court declines to review any documents *in camera*.

B. Requests for Production

Greenfield seeks to compel further responses to two of its discovery requests to E-P. First, Greenfield seeks "full and complete responses" to Greenfield's Second Set of Requests for Production served on April 28, 2009. E-P submitted its responses on May 28, 2009. Second, Greenfield seeks "full and complete" responses to Greenfield's Interrogatories and Request for Production served on August 12, 2009. E-P submitted its responses on September 28, 2009.

This Court need not reach the merits of Greenfield's Motion because it was untimely filed. Local Rule 37.01 of the District Court for the District of South Carolina states that "[m]otions must be filed within twenty (20) days after receipt of the discovery response to which the motion to compel is directed." The Fourth Circuit has held that South Carolina district courts have discretion to consider an untimely motion to compel if the movant "offer[s] an acceptable explanation for [the motion's] tardiness." *See Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 273 (4th Cir. 1998). However, virtually all South Carolina district courts have denied motions to compel when they were filed outside the 20-day window. *See, e.g., Hitter v. Ozmint*, No. 2:06-1502-TLW-RSC, 2007 WL 680733, at *2 n.2 (D.S.C. March 1, 2007).

Here, Greenfield has offered no viable excuse for its tardiness. Because Defendants filed their Motion on October 23, 2009, under even the most liberal time computation, the Motion can only address discovery received on October 2, 2009,

or later. In a hearing before this Court, Defendants acknowledged that documents relating to one of their requests was received in September 2009, at the latest. Greenfield received some of the discovery at issue *five months* ago. Accordingly, the Motion was untimely filed, and Greenfield has no acceptable excuse for its tardiness.

C.     Requests for Expenses

Both Parties request expenses associated with the Motion. Under Federal Rule of Civil Procedure 37(a)(5), this Court may award reasonable expenses to the prevailing party unless the other party's position was substantially justified or other circumstances make an award of expenses unjust. A legal position is "substantially justified" if there is a "genuine dispute" as to proper resolution or if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Group, Inc*., 311 Fed. App'x 586, 599 (4th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)).

Here, although Greenfield's Motion to Compel was time-barred under Local Rule 37.01, a reasonable person could think the underlying Motion had a reasonable basis in law and fact. Therefore, the Court declines to grant expenses to either Greenfield or E-P.


IT IS THEREFORE SO ORDERED that Defendants/Third-Party Plaintiffs Jeffery Greenfield's and 1st Approach, LLC's Motion to Compel is DENIED.

IT IS FURTHER ORDERED that neither Party shall recover expenses.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 23, 2009
Anderson, South Carolina