```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
       GREENVILLE DIVISION
```

| | |
|---|---|
| Hill Holiday Connors Cosmopulos, Inc., )<br>d/b/a Erwin-Penland, )<br> )<br>        Plaintiff, )<br> )<br>        v. )<br> )<br>Jeffrey Greenfield and )<br>1st Approach, LLC, )<br> )<br>        Defendants, and )<br>        Third-Party Plaintiffs, )<br> )<br>        v. )<br> )<br>Cellco Partnership d/b/a )<br>Verizon Wireless, and Joseph A. Erwin )<br> )<br>        Third-Party Defendants. )<br>_____ ) | C/A No.: 6:08-cv-03980-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court upon Plaintiff Erwin-Penland's ("Plaintiff's") Motion to Strike the Supplemental Reports of Dr. Oliver G. Wood, an expert for Defendants/Third-Party Plaintiffs Jeffrey Greenfield and 1st Approach, LLC ("Defendants"). For the reasons discussed herein, the Motion to Strike is DENIED.

## Background

Plaintiff is an advertising and marketing agency based in Greenville, South Carolina. Defendants run a national marketing firm, with a principal place of business located in New Hampshire.

The central dispute in this case involves a marketing campaign called "How Sweet the Sound," formerly known as the "Amazing Grace" campaign. Although the "How Sweet the Sound" campaign was initially pitched as a potential reality television show involving church choirs, it has now become a successful series of local church choir events held in cities across the country. Plaintiff claims that although Defendants assisted in pitching the initial reality televison show concept to Verizon and another client, Defendants' participation in the campaign was limited to two pitches, Defendants did not help develop the campaign, and Defendants have no rights in the "How Sweet the Sound Campaign." Defendants, however, claim they used their own trade secrets to develop the campaign in collaboration with Plaintiff, and that Plaintiff promised Defendants a "50/50 split" if Plaintiff landed Verizon as a client, which it ultimately did.

On February 9, 2010, this Court ordered Defendants to produce Dr. Wood on or before February 23, 2010. On February 17, 2010, Defendants produced what they claim are supplemental reports. Defendants claim these reports are properly viewed as supplemental under Federal Rule of Civil Procedure 26(e)(1)(B)(2), and therefore were not due until March 15, 2010, the deadline for filing pretrial

disclosures under Rule 26(a)(3) in this case. Plaintiff, however, claims these are not supplemental reports, but entirely new findings that should have been submitted by the February 17, 2010 deadline for expert disclosures in this case. Therefore, Plaintiff asks this Court to strike the supplemental reports under Federal Rule of Civil Procedure 37(c).

## Standard of Review

The Fourth Circuit has clearly delineated its position regarding a district court's ability to implement and enforce discovery parameters. "[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). Further, "[t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* (citations omitted).

## Discussion

Neither Plaintiff nor Defendants actually submitted a copy of the supplemental reports at issue here. Plaintiff states it declined to attach these reports because they contained confidential information pursuant to the protective order. (Pl.'s Mot. to Strike at 4 n.1, Dkt. No. 91.) However, Plaintiff could have filed the supplemental reports as part of a motion to seal.[1] In any event, because Plaintiff did not attach

---

[1] This is a process familiar to all Parties. The Court is currently wading through hundreds of documents filed in conjunction with several motions to seal filed in this action.

the reports this Court is left only with the Parties' contradictory description of the information in these reports.

Plaintiff's statements fail to convince this Court that Defendants improperly supplemented their report. Although Plaintiff claims Defendants represented a September 29, 2009 report as the "final" expert report (*id*. at 2), the Plaintiff's own exhibits stand in contradiction. In the email exchanges between attorneys, Defendants' counsel never represented that the September 29, 2009 report was Dr. Wood's final report. (*Id.*, Ex. B.) Moreover, the September 29, 2009 report itself was titled "Preliminary Evaluation." (*Id.*, Ex. A at 1.) Doctor Wood even said in the report that he would supplement it at a later date. (*Id.*, Ex. A at 2.)

Defendants do not appear to contradict Plaintiff's assertion that Dr. Wood based his opinion on information that has been available for months. (*See* Defs.' Resp. at 1-5, Dkt. No. 116.) To be sure, the Court does not approve of this dilatory behavior by Defendants. However, this delay alone is not enough to warrant striking the supplemental reports.

Assuming, *arguendo*, the Defendants did improperly supplement the expert reports, striking these reports is still inappropriate. The Fourth Circuit looks to five factors to determine whether to exclude evidence when a party has failed to properly disclose: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence;

and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Here, as an initial matter there should be little surprise because Dr. Wood's initial report contemplated supplementation. Second, Plaintiff can still cure the surprise because Dr. Wood's deposition has been postponed by both Parties pending a resolution of this issue. Additionally, this Court will allow Plaintiff twenty days from the date of this order to produce and disclose any evidence to rebut these supplemental reports. Third, this case is scheduled to be tried on or after May 12, 2010, and admitting these supplemental reports will not change this time frame. Fourth, Plaintiff concedes this evidence is important: "[t]he reports are likewise important to all parties, as they contain the only attempt to date by [Defendants] to quantify [their] damages theory." (Pl.'s Mot. to Strike at 7.) Given Defendants' unexplained tardiness in producing the reports, the fifth factor weighs in favor of exclusion. However, under the totality of the circumstances, excluding the supplemental reports is inappropriate in this case.

IT IS THEREFORE ORDERED that Plaintiff Erwin-Penland's ("Plaintiff's") Motion to Strike the Supplemental Reports of Dr. Oliver G. Wood is DENIED.

IT IS FURTHER ORDERED that Plaintiff has until twenty days from the date of this order to produce and disclose any evidence to rebut these supplemental reports if necessary.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

March 4, 2010
Anderson, South Carolina